## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### COMMONWEALTH V. CHAFFIN AND ALS.

March 19th, 1891.

1. APPELLATE JURISDICTION—*Onus.*—The burden of showing existence of jurisdiction to review a judgment in this court is on plaintiff in error, and such jurisdiction must affirmatively appear on the record.

2. PUBLIC FREE SCHOOLS—*Assessments for.*—Constitutionality of statute providing for separate assessments of taxes for support of such schools is no longer questioned.   *Vashon* v. *Greenhow,* 135 U. S., 716.

3. IDEM—*Case at bar.*—Tax-payer, having tendered coupons for tax of less than $500, petitioned for jury to determine their genuineness, but did not allege that none of the taxes were for school purposes.   General demurrer to petition was overruled, and Commonwealth appealed : *held,* though the demurrer was improperly overruled, yet this court has no jurisdiction to revise the judgment, as the record did not show that a constitutional question was involved.

Error to judgment of circuit court of city of Richmond, rendered June 26th, 1890, in a proceeding wherein R. B. Chaffin, James B. Harvie and Robert H. Gilliam, partners trading as R. B. Chaffin & Co., were plaintiffs, and the Commonwealth of Virginia was defendant.   The judgment being adverse to the defendant, she brought the case here for revision.   Opinion states the case.

*Attorney-General R. Taylor Scott,* and *H. R. Pollard,* for the Commonwealth.

*A. B. Guigon,* for the defendants in error.

LEWIS, P., delivered the opinion of the court.

The defendants in error filed their petition in the court below alleging that, being indebted to the State in the sum of $120 for taxes, they tendered to the proper officer, in payment thereof, past due tax-receivable coupons of the State, who received the same for the purpose of identification and verification, etc. And the prayer of the petition was that a jury be impanelled to try the question of the genuineness of the coupons, according to the provisions of section 408 of the Code.

To this petition the Commonwealth demurred, but the demurrer was overruled. The petitioners, to maintain the issue on their part, thereupon produced before the jury certain papers purporting to be genuine coupons, receivable for State taxes, and also certain bonds, purporting to be genuine bonds of the State, from which the coupons in question had been cut. To this evidence, which was substantially all the evidence in the case, the Commonwealth demurred, but the court overruled the demurrer, and gave judgment for the petitioners, to which judgment the Commonwealth obtained a writ of error from one of the judges of this court.

We are of opinion that the writ of error must be dismissed as improvidently awarded. There is no doubt, since the decision of this court in *Greenhow* v. *Vashon*, 81 Va., 336, which was affirmed by the supreme court of the United States in *Vashon* v. *Greenhow*, 135 U. S., 716, that the statute of this State providing for a separate assessment of taxes for the support of the public free schools, and that such taxes shall be paid and collected in lawful money of the United States only, is constitutional and valid, and that its validity is no longer to be questioned here or elsewhere. Nor are we able to see upon what ground the Commonwealth's demurrer to the petition in the lower court could have been rightly overruled, inasmuch as there is no allegation, direct or indirect, that no

part of the taxes for which the coupons in question were ten-dered had been assessed for school purposes. And for the same reason, substantially, we are unable to see why, on the demurrer to evidence, judgment should not have been given for the Commonwealth. But as the matter in controversy is less in amount than five hundred dollars, the case is not within the jurisdiction of this court. It does not affirmatively appear that the validity of any statute was drawn in question, and *non constat* that the rulings of the court below were made independently of the statute above alluded to. It is a well settled proposition that the *onus* is on the party seeking a revision of a judgment in an appellate court to establish the jurisdiction of the appellate court, and, unless such jurisdiction affirmatively appears, it cannot be rightly said to exist at all. Therefore, however palpably erroneous the judgment sought to be reviewed in the present case may seem to be, we have no jurisdiction to review it, and the case must be dismissed for want of jurisdiction.

WRIT DISMISSED.