# THOMAS, Inspector,

## *v.*

## ROWE.

(*Supreme Court of Appeals of Virginia, April 25, 1895.*)

[22 S. E. Rep. 157.]

### Injunctions—Appeals—Jurisdiction—Constitutionality of Statute.

One who has restrained an oyster inspector from collecting fees and fines under Code 1887, § 2134, as amended by Act March 5, 1894, on the ground that the act is unconstitutional, cannot dispute the jurisdiction of the supreme court of appeals, to which an appeal may be taken in all cases involving the constitutionality of a statute.

### Same—Allegations in Bill.

An allegation in a bill for an injunction that the act complained of is being committed under an unconstitutional statute will not, of itself, confer jurisdiction on a court of equity to grant the relief, where the other allegations do not make a case for such relief.

### Fisheries Collection of Fines—Statutes.

Code 1887, § 2134, as amended by Acts 1894, p. 778, requiring oyster inspectors to collect "all fines, taxes and all sums due, or would be due," on oyster ground rented, or used and not rented, and conferring "the same powers to collect the same which a county treasurer has for the collection of taxes," and also giving said inspectors power to remove enough oysters to pay the same, is not unconstitutional, as allowing the inspector to impose fines, as the fine is imposed by the statute itself.

### Same—Same—Same—Collection of Back Rent.

Under said act the inspector may collect back rents, and is not confined to the sale of oysters, but may pursue all remedies given a county treasurer for collecting taxes.

### Injunction—Answer to Bill—Dissolution of.

Where an answer to a bill for an injunction negatives all its equities, and is sworn to, it is entitled to the weight of an affidavit, under Code 1887, § 3281; and on a motion to dissolve the injunction, heard on bill and answer, the injunction should be dissolved.

Va Dec—8

Appeal from circuit court, Gloucester county; T. R. B. Wright, Judge.

Bill by J. M. Rowe to restrain Joel Thomas, oyster inspector, from collecting rents for oyster beds. Decree for plaintiff. Defendant appeals. Reversed.

*R. Taylor Scott, Atty. Gen.*, for appellant.

*J. N. Stubbs*, for appellee.

CARDWELL, J., delivered the opinion of the court.

Appellee, J. M. Rowe, obtained from the judge of the circuit court of Gloucester county, May 19, 1894, an injunction to restrain Joel Thomas, oyster inspector for district No. 10, Gloucester county, from selling at public auction certain property of Rowe levied on by Thomas, inspector, to satisfy claims in his hands for oyster-ground rent, surveying, assigning, etc., advertised May 18, 1894, for sale, as to three canoes, stock of oysters, on May 22, 1894, and as to four cows, yoke of oxen, and three heifers, on June court day. The bill filed by Rowe states "that on the 24th of April, 1894, he was in possession of, holding, and using certain oyster-planting ground in the county of Gloucester; that it had not been assigned to him, or surveyed at his request, or rent paid, under the act of the general assembly of Virginia approved March 5, 1894; that on the 24th day of April, 1894, Joel Thomas, inspector for district No. 10, Gloucester county, served notice on complainant, as the law provides; that on May 18, 1894, Thomas, inspector, posted notice of the sale of his property, as before stated; that the levy was made, as claimed by inspector, for back rent; that complainant owed no back rent, having never rented; that there could be no renting till the rent is paid in advance,"—vouching Acts Assem. 1893–94, § 2, approved March 5, 1894. And the bill then charges that Inspector Thomas

had no authority to collect back rent, even if any be due, and denies the right of the inspector to levy for rent on complainant's property,—that, if he could levy at all, he could only levy on property on the leased premises, just as a distress warrant or an attachment could be levied for such,—and insists that the only remedy for the inspector was under section 2134, as amended by the act of assembly approved March 5, 1894, providing for the removal of oysters from the leased premises, and sale thereof ; that section 7 of the act is plainly unconstitutional, as to the inspector imposing fines.   The prayer of the bill is for an injunction to restrain Thomas, the inspector, from making sale of complainant's property ; that he be required to survey, assign, and receive the rent on said oyster ground ; that the law governing the matter of complaint be construed by the court ; and that full and final relief be given.

Thomas, the inspector, and only defendant, demurred to this bill, as being insufficient in law, and filed his answer thereto, which states that he went to complainant in June, 1892, and asked him if he wanted the oyster-planting ground he had been occupying, and Rowe replied that he did ; that Rowe then went with respondent, and marked off the ground as he wished it surveyed, and was present when all except one parcel was surveyed ; that Rowe's oyster ground consists of several parcels, and that he had before designated how he wished that parcel surveyed, which, though surveyed in his absence, was surveyed in accordance with his wishes ; that, after this survey, Rowe refused to pay the rent, or the fees of the inspector and surveyor ; that Rowe did apply for the oyster-planting ground in question, and to have it surveyed, and for two years has been using and occupying it with oysters planted thereon, and persistently refuses to pay one cent of the rent or fees ; and that respondent, failing to collect of Rowe the amount due to the state, and fees, did levy on Rowe's property, and advertise the same, to satisfy the claims in his hands as in-

spector. The answer is responsive, and negatives the equities of the bill, and is sworn to by Thomas.

Upon a hearing of the cause on the bill and its exhibits, and the demurrer and answer of Thomas, inspector, the circuit court overruled the demurrer, and, without stating in the decree the grounds upon which it was decreed, perpetuated the injunction; and an appeal was allowed Thomas, inspector, to this court.

The questions to be disposed of are :

1. The jurisdiction of this court. It is insisted by appellee's counsel that there is no constitutional question involved in the case, and as the amount in controversy is not $1,500 this court is without jurisdiction, and must dismiss the cause. The bill filed by Rowe in the court below charges, as we have seen, that the act of the assembly under which Thomas, inspector, was acting in endeavoring to collect revenues to which the commonwealth was entitled as rent for oyster grounds, the property of the commonwealth, and the costs, etc., incident to their collection, under the act of March 5, 1894, was unconstitutional, whereby the validity of the statute is called in question ; and he cannot, therefore, question the jurisdiction of this court on the ground that there is no constitutional question involved. Const. Va. art. 6, § 2 ; Com. v. Chaffin, 87 Va. 545, 547, 12 S. E. 972.

2. Did the circuit court of Gloucester err in overruling Thomas', inspector's, demurrer, and perpetuating the injunction? An allegation in a bill for injunction that the legislative act under which the wrong complained of is being committed is unconstitutional will not, of itself, confer jurisdiction upon a court of equity to grant the relief prayed for ; and, where the other allegations do not make a case for equitable relief, a demurrer to such a bill should be sustained. The allegations of the complaint in the court below attack the act of March 5, 1894, as unconstitutional, and specify that section 7 is plainly unconstitutional, because it authorizes the inspector to impose

fines ; and then the bill utterly fails, upon its other allegations, to make a case for equitable relief. Section 2134 of the Code, as amended by Acts 1893–94, p. 778, provides that : "He [the inspector] shall collect all fines, taxes and all sums due as rent upon oyster-planting grounds imposed by this chapter within the limit to which he is assigned, also the tax on planted oysters, and to enable him to collect the same, together with his fees according to the preceding section, he shall have the same powers which a county treasurer or other collector of the state's revenue has for the collection of taxes ; and when the lessee remains in default in the payment of his annual rent for such planting ground, or any part thereof, for the period of sixty days, after the same becomes due and payable, the inspector shall also have the power to remove at [lessee's expense] a sufficient quantity of oysters from the leased ground to satisfy the fines, taxes and rents upon the planting ground and shall proceed to sell the same. * * * And in case any person is in possession and use of planting ground not so leased according to law, the same remedy is hereby given said inspector for the collection at once of said fines, taxes, and all sums due or would be due, had the said ground, so occupied been rented." It is not denied (in fact, it is admitted by Rowe, in his bill) that he was in possession of, holding, and using the planting grounds in question ; and nothing seems clearer, from the act of March 5, 1894, than that Thomas, inspector, was authorized (indeed, required) to collect of Rowe "all fines, taxes and all sums due or would be due, had the said ground, so occupied been rented," and that he was clothed with "the same powers to collect the same which a county treasurer or other collector of the state's revenue has for the collection of taxes." And the remedy given the inspector by section 7 of the act, which appellee's counsel insists is his only remedy, is cumulative only, and may be used or enforced at the inspector's discretion. This act nowhere authorizes the inspector to impose fines, but only provides that if any person holding any oyster ground, who has not had it assigned and paid

the rent, upon the notice of 30 days, and who fails or refuses to rent as the law directs, he shall be fined one dollar per month per acre (collectible by the inspector as other oyster revenues are collected) for each month he continues to hold or occupy the same, or refuses to remove the stakes after being notified by the inspector so to do, and the inspector shall rent out the ground to the first applicant. So that, if this fine or penalty is imposed, it is by operation of the law, and not by the imposition of the inspector, and due to the failure of the occupant of oyster-planting ground to comply with the same,—just as the penalty of 5 per cent. is added to the bill of every taxpayer in the commonwealth who fails to pay the tax due by him on or before the 1st day of December of the year in which it is due. And, moreover, it nowhere appears in this record that Thomas, inspector, was seeking to collect fines of Rowe. His notice of sale says it is to satisfy claims in his hands for oyster-ground rent, surveying, assigning, etc. If Thomas, the inspector, transcended his authority,—sold Rowe's property without authority of law, or without legal notice,—he would be a trespasser, and answerable to Rowe in an action at law for such damages as the latter sustained by reason of such unlawful act. We are wholly unable to see the force of appellee's contention that there could be no such thing, under the act of March 5, 1894, as back rent. The act, to our minds, does not sustain such a contention. Nor is the contention that the inspector cannot levy on personal property for rent, and that he is confined to removing planted oysters, under section 2134, as amended by the act of March 5, 1894, sustained. If such a contention can be maintained, why does the act confer upon the inspector, as we have seen, the same powers which are given by law to county treasurers, or other collectors of state revenues? There is nothing in the act, that we are able to see, that confines the inspector, in the collection of the fines, taxes, or rents due from an occupant and user of oyster-planting

ground, to the property found on the ground occupied or leased. The revenues derived from this source go into the general revenues of the state (Com. v. Brown [decided by this court at the January term, last] 21 S. E. 357), and are collectible as other revenues are collected by county treasurers and other collectors, with the additional remedy in the inspector given by amended section 2134 of the act in question.

We are of opinion that the circuit court erred both in overruling the demurrer to the bill filed by Rowe, and in not dismissing the cause, when heard on the bill and the answer of Thomas, inspector. The answer being responsive to the bill, negativing all of its equities, and being sworn to, was entitled to the weight of an affidavit. Code Va. § 3281. And upon a motion to dissolve the injunction, heard, as if it was, on the bill and the answer, the injunction should have been dissolved. 1 Bart. Ch. Prac. 414, 426 ; North v. Perrow, 4 Rand. (Va.) 1 ; Hogan v. Duke, 20 Grat. 244 ; 2 High, Inj. (3d Ed.) § 1472 ; Moore v. Barclay, 23 Ala. 739 ; Rogers v. Bradford, 29 Ala. 474. The decree of the circuit court will therefore be reversed, and this court will enter such decree as the circuit court should have entered, sustaining the demurrer and dismissing the bill.