## Staunton

C. L. RITTER LUMBER COMPANY, INC. V. COAL MOUNTAIN
MINING COMPANY.

September 11, 1913.

Absent, Keith, P.

1. APPEAL AND ERROR—*Amount in Controversy—Burden of Proof.*—
   The burden of showing jurisdiction to hear an appeal is on
   the plaintiff in error, and such jurisdiction must affirmatively
   appear from the record. If the jurisdiction is determined by
   the pecuniary amount involved, and this cannot be ascertained,
   the appeal will be dismissed.

2. APPEAL AND ERROR—*Amount in Controversy—Balance of a Debt—
   Payments.*—Where a decree fixes upon a defendant a personal
   liability for whatever balance of a debt remains unpaid after
   crediting thereon the proceeds of the sale of a tract of land
   decreed to be sold to pay the debt, the amount of defendant's
   liability cannot be ascertained until the land has been sold;
   and where, as in this case, the liability of the defendant is
   merely pecuniary, he has no right of appeal until the extent
   of his pecuniary liability has been fixed, which can only be
   done after a sale of the land. This is not a case where a fixed
   pecuniary liability has been reduced by subsequent payments.

Appeal from a decree of the Circuit Court of Tazewell
county. Decree for the complainant. Defendant appeals.

*Appeal dismissed.*

The opinion states the case.

*George W. St. Clair,* for the appellant.

*Greever & Gillespie,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

The appellee, the Coal Mountain Mining Company, conveyed to R. A. Ayers 183.60 acres of land situated in Buchanan county for $2,754, $688.50 of which was paid in cash and the residue was divided into three credit instalments of $688.50 each. Notes were taken for the deferred payments, and a vendor's lien reserved on the face of the deed to secure the unpaid purchase money. R. A. Ayers afterwards conveyed the land to the Empire Coal Land Corporation, and that corporation sold the merchantable standing timber on the tract to the appellant, the C. L. Ritter Lumber Company, Inc., which cut and removed timber therefrom of the value of $1,018.50. The appellee then filed a bill in equity against R. A. Ayers, the C. L. Ritter Lumber Co., Inc., and others, to recover of Ayers the amount of unpaid purchase money and to subject the land to sale to satisfy the vendor's lien. The bill further prayed that, if the proceeds of sale of the property should prove insufficient to discharge the lien, the plaintiff might recover of the C. L. Ritter Lumber Company, Inc., the balance of the amount due under the deed, provided such balance did not exceed $1,018.50, the value of the timber cut and removed from the land by that company. From a decree in accordance with the prayer of the bill the C. L. Ritter Lumber Company, Inc., appealed.

We are met at the threshold of the case with a motion to dismiss the appeal on the ground that it was improvidently awarded. In respect to that motion it must be observed that the decree against the appellant is not absolute, but is conditioned upon the failure of the land, the primary subject for payment of the debt, when exposed to sale, to produce an amount sufficient to discharge in whole or in part the vendor's lien resting upon it. Until such sale the decree against the appellant is not enforcable, and

then it is only enforcable for such amount as may remain unpaid after applying the proceeds of sale to the original debt. It is, therefore, obvious that the ultimate liability of the appellant is at present wholly conjectural and cannot be ascertained until the land, the primary subject for the payment of the debt, has been sold.

Section 3455 of the Code declares, that "no petition shall be presented for an appeal from, or writ of error or supersedeas to, any final judgment, decree, or order of any court . . . . where the controversy is for a matter less in value or amount than three hundred dollars, unless there be drawn in question a freehold or franchise or the title or bounds of land, or the order of the State Corporation Commission, or some matter not merely pecuniary."

The rule is settled in Virginia that the "burden of showing the existence of jurisdiction to hear the appeal is on the plaintiff in error, and such jurisdiction must affirmatively appear from the record." Notes to secs. 3454, 3455, of the Code, citing *Com'th* v. *Chaffin,* 87 Va. 545, 12 S. E. 972; *Southern Fertilizing Co.* v. *Nelson,* 6 Va. Law J. 162.

In *Williamson* v. *Payne,* 103 Va. 551, 49 S. E. 660, the court quotes with approval the statement of the law from 2 Cyc. 555, that "generally speaking, the value or amount in controversy must be made to appear affirmatively. If it cannot be ascertained, the appeal will be dismissed, and the burden is on appellant to establish the jurisdiction."

The following qualification of the general rule does not affect this case, namely, that "on the other hand, when the original demand is pecuniary and in excess of the jurisdictional amount, but is alleged by the appellee to have been reduced below that amount by payment, the *onus* rests upon him to make that fact appear." *Fink Bros. & Co.* v. *Denny,* 75 Va. 663; *Filler* v. *Tyler,* 91 Va. 458, 22 S. E. 235. The principle announced in *Williamson* v. *Payne, supra,* is followed in *Lamb* v. *Thompson,* 112 Va. 134, 70 S. E. 507.

Ritter L. Co. *v.* Coal Moun. Co., 115 Va. 370.   373

Opinion.

In *Marchant* v. *Healy,* 94 Va. 614, 27 S. E. 464, it was held that where the difference between the debt asserted by the plaintiff in the lower court and the amount paid thereon by the sale of the debtor's land is less than the jurisdictional amount, no appeal lies.

It will be further noted that this case is not controlled by the provision of section 3454, giving a party the right of appeal from an interlocutory decree "adjudicating the principles of a cause."

The application for appeal is not amenable to objection because the decree does not adjudicate the principles of the cause, but because, as we have endeavored to show, that it does not now appear, nor can it be made to appear until there has been a sale of the land, that the liability of the appellant, which is merely pecuniary, will ultimately amount to $300.

If the land when sold should bring enough to satisfy the vendor's lien, there will be no liability on the appellant, and consequently it will not have been aggrieved by the decree appealed from. And if on the other hand, the land when sold should come within $300 of paying off the vendor's lien, then the appellant, though aggrieved to the extent of deficit, would have no redress by way of appeal.

Our conclusion is that the appeal must be dismissed as having been improvidently awarded, but without prejudice to appellant's right to apply for another appeal if warranted by future developments in the case.

*Appeal dismissed.*