Staunton.

## BOATRIGHT V. LITZ AND OTHERS.

September 17, 1919.

APPEAL AND ERROR—*When Appeal Allowed — Suit to Subject Land to Judgment—Moot Questions—Premature Appeal.*—Suit was brought to subject certain lands to the satisfaction of a judgment. The decree dismissed the suit as to a certain tract of seventy-two acres, but expressly reserved to the complainants the right to proceed to subject any other real estate that might be liable to the judgment. The decree did not show upon what grounds the seventy-two acre tract was held exempt from liability. The record was incomplete, involved and unsatisfactory, but it appeared that the land in controversy was not shown to be primarily subject to the judgment. This being true, it follows that an appeal from the decree was improvidently awarded. If the property first liable was sufficient to discharge the balance due on the judgment, then in no view of the case could the seventy-two acre tract be subjected, and its liability or non-liability would be wholly a moot question; and the Supreme Court of Appeals does not sit to decide such questions. And, even if the ultimate liability of the seventy-two acre tract were assumed, the extent of such liability could not be ascertained until after subjecting other land, apparently primarily liable, to sale to satisfy the judgment.

Appeal from a decree of the Circuit Court of Wise county. Decree for defendant. Complainant appeals.

*Remanded.*

The opinion states the case.

*Bond & Bruce* and *A. M. Vicars,* for the appellant.

*E. M. Fulton,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

At the September term, 1884, of the Circuit Court of Wise county, Hurst Miller & Co. recovered a judgment against J. H. Powers for $736.90, with interest and costs, subject to a credit of $346.66. In 1902 this suit in equity was brought for the benefit of appellant (who had acquired the judgment) against J. H. Powers and his alienees to subject certain lands to its satisfaction. Among these tracts of land was one containing seventy-two acres known as the "J. R. Kilgore tract," formerly a part of the homestead exemption claimed by Powers, by deed dated January 2, 1880, admitted to record December 15, 1881. Title to this tract by successive alienations devolved upon appellee, J. L. Litz. The bill as it appears in the record is not an accurate copy of the original bill in the case, which, it is admitted, sought to subject, among others, a tract containing seventy-seven acres of land to the lien of the judgment. Powers acquired an equitable interest in that tract on April 2, 1883, by assignment of a title bond executed by Dale Carter to J. W. Powers, on April 23, 1877, and recorded April 28, 1881. This title bond was afterwards assigned by Powers to Robert R. Dickenson, but was not recorded until after the recovery and docketing of appellant's judgment.

The contentions on behalf of appellant are that the homestead deed of Powers is void for insufficient description of the land claimed, and, therefore, that the seventy-two acres is liable to the judgment; and that the equitable interest of Powers in the seventy-seven acres is also liable, since the title bond and assignment to him and from him to Dickenson were never recorded. While those on behalf of appellee, J. L. Litz, are that any ambiguity that may have existed in the description of the land included in the Powers homestead deed was removed by the evidence of witnesses, to whose testimony no timely objection was made. Moreover, it is insisted that the appeal was prematurely granted because, as shown by the amended and supplemental bill,

Powers owns a life estate in fifty-two acres of land on Cove creek in Scott county; and with respect to the seventy-seven acres, the Dale Carter tract, that Powers did not part with his interest therein until after he had disposed of the seventy-two acres in controversy. It is also maintained that even if the seventy-two-acre tract were in any event liable, the Powers life estate in the fifty-two acres and his equitable interest in the seventy-seven acres are primarily liable and must be first subjected in pursuance of section 3575 of the Code.

By the decree appealed from, the circuit court dismissed the suit as to the appellee, J. L. Litz, but expressly reserved to the plaintiffs the right to proceed to subject any other real estate that might be liable to the judgment.

The decree does not show upon what grounds the circuit court held the seventy-two-acre tract exempt from liability. The record is incomplete, involved and unsatisfactory; but to say the least, it would seem that the land in controversy is not shown to be primarily subject to the judgment. If that be true, it must follow that the appeal was improvidently awarded. If the property first liable was sufficient to discharge the balance due on the judgment, then in no view of the case could the seventy-two acres be subjected, and its liability or non-liability would be wholly a moot question; and this court does not sit to decide such questions. It is evident from the reservation in the decree that the course indicated was in the mind of the court, yet the plaintiff elected to wait until a year, *less one day*, had expired and then presented her petition for appeal. The principle here involved, we think, is settled by the case of *Ritter Lumber Co.* v. *Coal Mountain Mining Co.*, 115 Va. 370, 79 S. E. 322. In that case the decree fixed upon the defendant a personal liability for whatever balance of a debt might remain after crediting thereon the proceeds of sale of a tract of land decreed to be sold to pay the debt.

It was held that the amount of the defendant's liability could not be ascertained until the land had been sold; and this court dismissed the appeal on that ground. So, in this case, even if the ultimate liability of the seventy-two acres of land (as to which we express no opinion) be assumed, the extent of the liability cannot be determined until after subjecting such other lands, if any, as may be primarily responsible, to sale to satisfy the judgment.

Upon these considerations, we are of opinion that the case should be remanded, in accordance with Va. Code, 1904, section 3466, to be proceeded in further in the court below, with direction that a reference be made to a commissioner in chancery to ascertain what real estate is subject to the lien of appellant's judgment, and the order of liability.

And this appeal having been premature, the costs thereof will be decreed against appellant.

*Remanded.*