## THE STEAMSHIP HAVERTON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 60. Argued and submitted November 7, 1890.—Decided November 17, 1890.

In a collision case in admiralty the valuation of the sunken vessel and effects was $6057, for which amount the District Court gave judgment. The Circuit Court, on appeal, awarded one-half the valuation, viz.: $3028.50. *Held,* that this court had no jurisdiction on appeal.

*The Hesper,* 122 U. S. 126; and *The Alaska,* 130 U. S. 201, distinguished.

THE case, as stated by the court, was as follows:

This was a libel filed to recover the value of the pilot-boat Mary and Catherine, sunk in a collision, and also of certain personal effects on board of her at the time. The value of the pilot-boat was determined by the Circuit Court to have been $5025, and of the personal effects, all of which were a total loss, to have been $1032. This made a total valuation, according to the findings, of $6057. For this amount a decree had been entered by the District Court, but on appeal the Circuit Court awarded the sum of $3028.50, one-half the valuation. From that decree an appeal was taken to this court by the libellants.

*Mr. James Parker* for libellants and appellants.

*Mr. J. McConnell,* for appellees, submitted on his brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Assuming, as we must do, the total value to have been $6057, the matter in dispute in this court is the difference between that value and the decree, namely, $3028.50. We have, therefore, no jurisdiction. *Dows* v. *Johnson*, 110 U. S. 223. On the argument it was urged with much earnestness on behalf of appellants, that it is within our power, upon the facts as found, to declare the Mary and Catherine entirely and solely in fault, and take away from the libellants what the Circuit Court awarded them, and that jurisdiction can be maintained by adding the amount the Circuit Court did not allow to the amount that it is suggested libellants might thus be deprived of. But as the claimants did not appeal, and as, if they had, the worst that could happen to libellants through our action on such cross appeal, would be the taking away of less than $5000, the suggestion is entitled to no consideration.

There is nothing in the cases of *The Hesper*, 122 U. S. 256, or *The Alaska*, 130 U. S. 201, to the contrary. In the former, the District Court awarded $8000, while the Circuit Court gave only $4200, but that was a case of salvage, in which the value of the property saved was over $100,000, and compensation was sought for the salvage in such sum proportioned to the value as the court might deem meet and reasonable. There was no finding of the Circuit Court that bound us, and in case of reversal a much larger sum than the jurisdictional amount might have been awarded, in addition to the sum which was. The difference between the judgments of the two courts in no respect represented the amount in dispute. Moreover, that case involved only the power of the Circuit Court on appeal, and not that of this court. In the latter case, the stipulation given to release the vessel libelled was for the sum of $25,000, for the benefit of five parties, each of whose claim for damages was $10,000, and some of whom might recover more than $5000, so that the amount involved in each case, on the question of jurisdiction, was $10,000, which was, of course sufficient.

*This appeal must be dismissed, and it is so ordered.*