# Richmond.

## Washington National Building and Loan Association v. Wendling.

### January 14, 1904.

#### Absent, Buchanan, J.*

1. Usury—*Amount of Penalty to be Recovered.*—Under the laws of this State, a person paying more than the lawful rate of interest can only recover the excess over the lawful rate which he has paid within one year prior to the institution of his action therefor.

2. Usury—*Application of Payments.*—Where a usurious loan has been made by a building association to be returned in monthly instalments, each of which embraces a part of the usurious charge, each monthly instalment paid by the borrower is to be treated as a separate and independent transaction, and if part of it be applied by the lender with the consent of the borrower to the usurious charge, the legality of the application cannot be challenged after the lapse of one year from the date of such payment.

Error to a judgment of the Circuit Court of the city of Alexandria rendered in an action of *assumpsit,* wherein the defendant in error was plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The facts sufficiently appear in the opinion of the court. The following instructions were asked at the trial by the plaintiff in error, but were refused:

* Judge Buchanan was detained at home by sickness

"The jury are instructed that under the statute law of the State of Virginia, a person paying more than the lawful rate of interest can only recover the excess over the lawful rate of interest which he has paid within one year prior to the beginning of his suit.

"If the jury believe from the evidence that the plaintiff made payments to the defendant in excess of the lawful rate of interest up to December, 1900, and then made no further payments until June, 1901, when he made a payment of $1,094.78 in full and final settlement of his indebtedness to the defendant company, and that all payments made by the plaintiff up to and including December, 1900, were regularly and promptly credited by the defendant upon dues, interest, and premium, and that there was no agreement or understanding to apply them differently, and that this suit was not instituted by the plaintiff until the 29th day of May, 1902, then the plaintiff can only recover of the defendant the excess over the lawful rate of interest paid by him since May 29, 1901.

"The jury are instructed that though the plaintiff in this case may have paid to the defendant a greater rate of interest than that allowed by law; yet, if they believe from the evidence that the defendant applied all payments upon interest, dues, and premiums regularly and promptly as the payments were made, and that there was no agreement or understanding to apply them otherwise, then the plaintiff can only recover of the defendant any excess over the lawful rate of interest that he may have paid within one year prior to the bringing of his suit."

The following instruction was given by the court of its own motion:

"If the jury believe from the evidence that the contract of loan from the defendant association was usurious, and they further believe from the evidence that the plaintiff had paid

to the defendant the full amount of the loan and legal interest thereon, then any or all payments in excess of the full amount of the loan and legal interest thereon, is an excess of the legal interest and the plaintiff is entitled to recover the said excess of legal interest, provided they believe from the evidence that the suit to recover said excess of legal interest was brought within one year after the payment of the said excess of legal interest."

*Norton & Boothe,* for the plaintiff in error.

*John M. Johnson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In January, 1894, the defendant in error, George R. Wendling, borrowed from the plaintiff in error, Building Association, the sum of three thousand dollars, which he secured by the surrender of thirty shares of stock held by him in the association, and by executing a bond in the penalty of $6,000, conditioned to pay $48.00 per month on such loan, and such fines as might be imposed upon him in accordance with the by-laws of the association.   The $48.00 payable monthly, was composed of $18.00 per month dues, and $30.00 per month premium.    These monthly instalments were to be paid for eighty-four consecutive months, if necessary, to fully pay up the thirty shares of stock that had been redeemed, but if not paid up by the end of that period, no further payment on account of stock or premiums was to be exacted, and from the termination of the eighty-four months only six *per cent. per annum* on the original amount loaned was to be paid in monthly instalments until the stock was matured.

The defendant in error lived up to this contract, and paid the monthly instalments of $48.00 each regularly from January

1, 1894, until December 31, 1900. These payments were credited on the books of the company, as made, in accordance with the charter and by-laws of the association, which formed a part of the agreement of the parties. The defendant in error, desiring to withdraw from the association, called for a statement of the balance due from him on account of his $3,000.00 loan, and on June 3, 1901, discharged that balance, which appears from the statement made by the association to be $1,094.78. Before the expiration of a year from the time of its payment, the defendant in error brought an action at law to recover back this $1,094.78, upon the ground that the transaction was usurious.

There was no material conflict in the evidence, and the usury was admitted. The only question to be determined was the amount of recovery, if any, the defendant in error was entitled to.

The plaintiff in error asked for three instructions, which were rejected, and in lieu thereof one given by the court, which authorized a restatement of accounts between the parties from the beginning of the transaction, and a recovery by the defendant in error of all payments in excess of the original loan and legal interest thereon. Under this instruction the jury returned a verdict for $1,094.78, the whole of the last payment made, which the lower court refused to set aside.

The statute law of this State relating to the subject of usury and the decisions bearing thereon have been fully reviewed and considered by this court in the case of *Munford* v. *McVeigh,* 92 Va. 446, 23 S. E. 857, and it is there held, that "where payments have been made upon a debt upon which a greater rate of interest than that allowed by law is reserved in the contract, or received in order to secure the forbearance of the lender, and the borrower himself applies the payment to the interest, or the lender so applies it with the assent of the borrower, the appropriation so made will not be disturbed, unless within one year

thereafter a suit be instituted by the borrower for its recovery, or a suit be brought by the lender within that period, in which case the borrower may set it off against the demand for which he is sued." This doctrine is again reiterated, as the settled law of this State, in the case of *Crabtree* v. *Building Association,* 95 Va., 670, 29 S. E. 741, 64 Am. St. 818. This last-mentioned case is in every material particular like that under consideration, and is controlling authority in its determination.

Under the law, as established by these authorities, each monthly instalment paid by the defendant in error must be dealt with as a separate and independent transaction. If, after the first instalment was paid, and applied in accordance with the agreement of the parties, one year elapsed without its legality being attacked, that transaction became final, and it could not thereafter be disturbed. And so with the payment of each succeeding instalment. It was forever at rest whenever the one year had passed without its legality being questioned. All of these monthly instalments having been made and applied in accordance with the agreement of the parties, and no suit having been brought until after the expiration of one year from the date of the last monthly payment, those transactions were finally closed, and could not be disturbed. The only open question left was the usury, if any, in the payment of the $1,094.78 on the 3rd day of June, 1901.

We are of opinion that the instruction given by the court embodied a misapprehension of the law, and should not have been given. We are further of opinion that the three instructions asked for by the plaintiff in error correctly stated the law of the case, and should have been given, as asked, after correcting the typographical error in the last date mentioned in instruction No. 2.

For these reasons the judgment complained of must be reversed, the verdict set aside, and the cause remanded for a new trial in accordance with this opinion.

*Reversed.*