Statement.

# Richmond.

## Bryan v. The Augusta Perpetual Building and Loan Company.

### November 23, 1905.

1. Building Associations—*Usury—Power of Legislature—Act of March 1, 1894.*—It is within the power of the Legislature to designate what transactions shall be subject to, and what shall be exempt from, the influence of the laws against usury. By Act approved March 1, 1894, the Legislature legalized certain contracts to be thereafter made by Building Fund Associations, which had theretofore been regarded as usurious. The contract in suit was made after the passage of that Act, and is within its provisions. By it a borrowing stockholder agreed to make certain quarterly payments on his stock and to pay interest on the whole sum loaned, quarterly every year until his stock was paid up in full; and this was held to be valid.                        ..

Appeal from decrees in chancery of the Corporation Court of the city of Staunton, in the suit of *E. M. Pendleton, trustee,* against *The Augusta Perpetual Building & Loan Company,* and its trustees and the appellant. The decrees were in favor of the Building & Loan Co., and adverse to Bryan and Pendleton, trustee. Bryan appeals.

*Affirmed.*

Under the contract between Bryan and the Building Company, he contracted to pay to the company quarterly dues of $225 each, and quarterly interest of $40.50 each quarter, until such time as the 27 shares of stock for which he had subscribed, and which were pledged as a security for $2,700 advanced to him

by said company for the redemption of said stock, should be fully paid up. These sums were in accordance with the charter and by-laws of the company, as recited in the deed of trust given as a security for the amount advanced.

Sections 2 and 3 of the act of March 1, 1894, are as follows:

2. "It shall be lawful for every such association or company to fix by its by-laws the premiums or bonus at which it will dispose of the money in its treasury to its stockholders, and award or lend to any member or stockholder the value of any shares held by him less such premium or bonus, and the mode of making the disposal, loan or award shall be fixed by the by-laws, and to charge and receive said premium in advance, or in installments, or in default of application for said money by stockholders it shall be lawful for such companies or associations to lend the same to other persons on such terms as may be agreed upon and in such manner as may be fixed by the by-laws.

3. "Every association may levy, assess, and collect from its stockholders dues or payments upon every share of its stock, the amount, time and manner of payment of the same to be fixed by the by-laws, and the said stock may be paid off and retired as the by-laws shall direct; and may levy, assess and collect from members to whom loans have been made interest upon the par value of the shares redeemed; and may levy, assess and collect fines for the non-payment of dues or for failure to comply with or perform any other obligation or duty to the association. The amount of the respective fines shall be fixed by the by-laws, and they shall be imposed under regulations to be made by the by-laws."

*G. D. Letcher* and *Curry & Glenn,* for the appellant.

*Ker & Kerr,* for the appellees.

Whittle, J., delivered the opinion of the court.

This suit was instituted by creditors of the appellant, whose

debts are secured by a deed of trust on the land in controversy, to enjoin a sale of the property under a prior deed of trust for the benefit of the appellee, on the grounds that the title thereto is under a cloud, which it is insisted ought to be removed before sale, and that the debt of the appellee is usurious.

The cause was thrice referred to a commissioner in chancery, whose findings were adverse to both contentions; and from decrees confirming those reports, and subjecting the land to sale to satisfy liens, this appeal was allowed.

It appears that the alleged clouds upon appellant's title are imaginary rather than real. But even if the supposed defects had existed originally, they have long since been cured by lapse of time, appellant having been in the uninterrupted, honest and adverse possession of the land, under color of title, from the year 1877 to the present time.

With regard to the second contention: On May 22, 1894, Bryan subscribed for twenty-seven shares of the capital stock of the appellee company, of the par value of $100 each, and at the same time borrowed of the company $2,700, partly on the credit of the stock and with the deed of trust in question as additional security.

In the state of the law prior to March 1, 1894, the exactions demanded by the contract would doubtless have rendered the transaction usurious. *Crabtree* v. *Old Dom. Bldg. & L. Asso.,* 95 Va. 670, 29 S. E. 741, 64 Am. St. Rep. 818. But on that day an act entitled, "an act to define the power and limitations of building and loan associations," was passed by the Legislature, legalizing such contracts, and this loan comes within its provisions. *Acts,* 1893-94, p. 560.

In *Smoot* v. *Peoples Perpetual Bldg. & L. Asso.,* 95 Va. 686, 29 S. E. 746, 41 L. R. A. 589, it was held, that "it is within the power of the Legislature to designate what transactions shall be subject to, and what shall be exempt from, the influence of the laws against usury. It may take away the defense of usury, or it may remove a disability to contract which it had

previously imposed; and, though a court cannot by charter create a corporation with power to make contracts contrary to the usury laws, the Legislature may.    In the case in judgment, the Legislative enactment has rendered valid contracts which were previously usurious, and this is a valid exercise of power."

There were other assignments of error, but they were either expressly abandoned, or not pressed in argument, and, being without merit, do not require further notice.

The decrees are plainly right and must be affirmed.

*Affirmed.*