## Richmond.

LAMB AND CABELL, RECEIVERS, v. THOMPSON AND OTHERS.

March 9, 1911.

1. APPEAL AND ERROR—*Amount in Controversy—Burden of Proof—Affidavits.*—On an appeal, the amount in controversy must, as a general rule, be made to appear affirmatively, and, if it cannot be ascertained, the appeal will be dismissed, as the burden is on the appellant to establish jurisdiction. If, however, the record is silent on the subject, affidavits may be filed in the appellate court to show the real amount in controversy.

2. APPEAL AND ERROR—*Amount in Controversy—Dividends on Subject of Controversy.*—Where the decree of the trial court decides that the holder of a certified check on a suspended bank had accepted it as a payment on a debt, and that, by reason of failure to present it in a reasonable time, he must sustain any loss occasioned by the failure of the bank to pay in full, the amount in controversy in this court, on appeal by such holder, is the amount of such loss, which is measured by the amount of the check less any dividends which may be declared out of the assets of the bank. When it was decreed that the holder was the owner of the check he became at once the owner of the interest represented by that check in the fund in the hands of the receivers of the bank for distribution among its creditors. If this interest reduces the amount due on the check to less than $300, then this court has no jurisdiction to review the decree of the trial court.

Appeal from a decree of the Circuit Court of Charlotte county. Decree for the defendants. Complainants appeal.

*Appeal dismissed.*

The opinion states the case.

*John A. Lamb* and *Miles M. Martin,* for the appellants.

*Robert F. Hutcheson,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The sole question before the circuit court in this case was whether the appellants or the appellee, Thompson, should bear the loss occasioned by the failure of the appellants to present to the Charlotte Banking and Insurance Company for payment, before it suspended business, a certain certified check for $300.

The circuit court held that the check was accepted and treated by the appellants as a cash payment on the appellee's purchase of land from them, and that by reason of their failure to present the check for payment in a reasonable time they should bear the loss caused by the failure of the bank. From this decree the present appeal was taken.

The first question to be determined is whether or not the amount involved is sufficient to give this court jurisdiction.

It will be observed that the decree of the circuit court does not fix a liability for $300 upon the appellants. It declares, in effect, that they are the owners of the certified check for $300 which the record shows they still hold, that their only source of satisfaction is the bank upon which that check was given, and that they should bear the loss of such portion of the check as the bank did not pay, because of their negligent failure to present the check for payment within a reasonable time. When the decree complained of was entered, holding that the appellants were the owners of the check, they, *eo instanti,* became the owners of the interest represented by that check in the fund in the hands of the receivers of the bank for distribution among the bank's creditors. The smallest dividend on this check would reduce the loss suffered by appellants below the amount necessary to give this court jurisdiction.

On appeal, the value or amount in controversy must, as a general rule, be made to appear affirmatively, and, if it cannot be ascertained, the appeal will be dismissed, as the burden is on the appellant to establish jurisdiction. *Williamson* v. *Payne,* 103 Va. 551, 49 S. E. 660.

The record is silent as to the amount of the loss the appellants have suffered by reason of their failure to present the check for payment. Where this is the case, affidavits may be filed in this court showing the real amount in controversy. *Wells* v. *Wilkins,* 116 U. S. 393, 29 L. Ed. 671, 6 Sup. Ct. 601; *Same* v. *Same,* 118 U. S. 230, 30 L. Ed. 210, 6 Sup. Ct. 1049.

The appellee has filed here an affidavit by the receivers of the bank, after notice to opposing counsel, from which it appears that dividends have been declared on the claim represented by the check for $300, held by appellants, aggregating $112.50, and that there has been tendered to the appellants that amount, which they have declined to receive pending this appeal. The $112.50 since tendered appellants was, under the decree appealed from, as much the property of appellants at the time that decree was entered as it was when the receivers of the bank were ready to distribute the fund in their hands, and it shows that the loss sustained by the appellants, under the decree, because of their failure to present the check for payment, was only $187.50, far below the amount necessary to give this court jurisdiction.

This appeal must, therefore, be dismissed as improvidently awarded.

*Appeal Dismissed.*