114 Heisler *v.* Merch. Cold Stor., 139 Va. 114.

Syllabus.

# Wytheville.

## J. A. Heisler & Brother v. Merchants Cold Storage and Ice Manufacturing Company.

### June 12, 1924.

1. Amount in Controversy—*Amount Claimed by Plaintiff.*—In the instant case the plaintiffs sued for $306.00, but there was a judgment for defendant. Ordinarily, under such circumstances, the amount in controversy, as to the plaintiff, is the amount claimed in the body of the declaration, but this rule is by no means universal. Thus, if the actual amount in dispute does otherwise appear in the record, reference may be had to that for the purpose of determining jurisdiction. Ordinarily this will be found in the pleadings, but the court is not confined to the pleadings. If, taking the whole record together, it appears that the court has no jurisdiction, the case must be dismissed.

2. Appeal and Error—*Amount in Controversy—Where the Testimony Would not Support a Finding for as Much as the Minimum Jurisdictional Amount—Case at Bar.*—The instant case was an action to recover damages for the breach of a cold storage contract wherein plaintiff claimed $306.00 for a total loss of onions stored, by reason of defendant negligently permitting the onions to freeze. It appeared from the evidence that the onions were not a total loss, though what amount a jury might have found if they had credited the testimony of plaintiff did not appear. It could not, however, have been as much as $300.00.

   *Held:* That the case must be dismissed by the Supreme Court of Appeals for want of jurisdiction.

3. Appeal and Error.—*Amount in Controversy Must Appear Affirmatively—Burden of Proof to Show Jurisdiction.*—It is settled law in this State that on a writ of error the amount in controversy must, as a general rule, be made to appear affirmatively, and if it cannot be ascertained from the record the writ of error will be dismissed, as the burden is on the plaintiff in error to show jurisdiction.

4. Appeal and Error—*Amount in Controversy—How Question Raised.*— Where the amount in dispute is less than the minimum jurisdictional amount the case must be dismissed for want of jurisdiction although the question of the amount in controversy was not raised either in oral argument or in the briefs, as the question is jurisdictional.

Error to a judgment of the Hustings Court, part two, of the city of Richmond, in a proceeding by motion for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Dismissed.*

The opinion states the case.

*Bethel & Williams,* for the plaintiff in error.

*John B. Lightfoot, Jr.,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action to recover damages for the breach of a cold storage contract by which the defendant undertook "to take due and proper care" of 180 bags of onions. There was a verdict and judgment for the defendant.

The notice of motion put a value of $1.70 per bag on the 180 bags, amounting to $306.00, and claimed for a total loss by reason of negligently permitting the temperature to get so low as to freeze the onions. It was incumbent on the plaintiffs to prove the extent of their loss.

So much of the notice as need be recited was as follows: "That heretofore, to-wit, on the 20th day of October, 1920, we did enter into an agreement with you by which you agreed to store for us a large quantity of onions, to-wit, two hundred and twenty-eight (228) sacks; that you further, at the same time did contract and agree with us for a price and consideration to be paid by us to take due and proper care of the said onions; and to so govern and regulate the temperature to which the said onions were exposed that the said

onions would be preserved and protected, and would later, whenever requested by us, be delivered to us in good and proper condition, free from damage or defect of any kind whatever; that you did, however, wholly fail to carry out the said agreement and did fail to preserve and so regulate the temperature to which said onions were exposed as aforesaid, and that you did, in violation of your agreement, negligently permit the said onions to become exposed to a low temperature so that the said onions became frozen, damaged and ruined, as a result of the said negligence as aforesaid; that by reason of the said negligence as aforesaid and the failure on your part to protect the said onions and care for them as aforesaid, the same were damaged and ruined to the extent of one hundred and eighty (180) sacks of the value of $1.70 per sack, making up the $306.00, with interest, from the date aforesaid."

There were originally 228 bags put in storage, but forty-eight bags had been withdrawn in good condition. On March 21, 1921, fifteen bags were withdrawn but refused by the plaintiffs on the ground that they were frozen, but upon that question the evidence was conflicting. As to the condition of the residue of 180 bags, the general manager of the defendant company testified "that on July 20, 1921, an inspector from the United States Department of Agriculture, Bureau of Markets, inspected the plaintiff's onions in defendant's storage plant and reported as to condition that from sixty-five to seventy-five per cent were then sound and free from decay, while of the remainder, some were sprouting and others showed decay, ranging from a few outer scales to complete decay."

Another witness for the defendant, a member of the firm of Blalock Fruit and Produce Company, testified, "that shortly after March 21, 1921, he examined plain-

tiff's onions in the cold storage; they were piled high in racks and seemingly in good condition. He examined the contents of six sacks and found no injured or frozen onions."

It is true that the man who sold the onions to the plaintiffs testified that he "examined the onions and they were frozen and that many of the bags were soggy and there was a little mould, and that this soggy condition resulted from their having been frozen and thawing, and that after being frozen onions deteriorate very rapidly and were not saleable." But it will be observed that he does not state that the loss was a total loss, and does not undertake to fix the amount of the loss or damage, nor does he state the nature or extent of his examination. His evidence is given in narrative form and the whole of it on this subject is given above. While the plaintiffs claim a total loss in their notice, the testimony of the only one of them offered as a witness in the case does not sustain the claim. His testimony on the subject was as follows:

"That on November 2, 1920, twenty-eight (28) bags of onions were withdrawn from the storage, on November 8, 1920, fifteen (15) bags were withdrawn from storage, as shown by subsequent notations on receipt or contract above, from this lot, all of which were in good condition at time of withdrawal, leaving remaining in storage one hundred and eighty (180) bags of onions; that on March 21, 1921, plaintiff ordered out of storage about fifteen (15) bags of these onions, which were delivered to his driver and taken to his commission house on Cary street, and upon examination were found to be frozen, containing a lot of ice; that plaintiff called in several men to look at them and their frozen condition, and then sent the onions back to the defendant's storage, advising them, the defendants, that the onions were

frozen and in such condition that he could not handle them, but that if the Merchants Cold Storage would return the onions as received by them, in good order, plaintiff would accept all of the good onions, defendant refused to recondition the onions and offered to pay for all onions found to be frozen, but asserted that none were frozen and refused to assort them, and later refused to pay any claim, plaintiff thereupon refused to order out the onions and brought suit for the value of the onions; plaintiff further testified that at the time these onions were stored with the defendant the price was one dollar and seventy cents ($1.70) per bag, and during the time at which they were ordered out in March, 1921, the price ranged up to two dollars and twenty-five cents ($2.25) per bag. Plaintiff further testified that the defendant guaranteed the temperature at which these onions were to be kept to be thirty-two degrees to thirty-six degrees during the period of storage, see back of contract, clause 12, as shown on the contract hereinabove set out. Plaintiff further testified that many of the bags were soggy and there was a little mold, and that this soggy condition resulted from their having been frozen and thawing."

[1] In the instant case the plaintiff sued for $306.00, but there was a judgment for the defendant. Ordinarily, under such circumstances, the amount in controversy, as to the plaintiff, is the amount claimed in the body of the declaration, but this rule is by no means universal. *Batchelder* v. *Richardson*, 75 Va. 835, and cases cited.

In *Gray* v. *Blanchard*, 97 U. S. 564, 24 L. Ed. 1108, it is said: "While in the absence of anything to the contrary, the prayer for judgment by the plaintiff, in his declaration or complaint, upon a demand for money only, or by the defendant in his counterclaim, or set off,

will be taken as indicating the amount in dispute, yet if the actual amount in dispute does otherwise appear as in the record, reference may be had to that for the purpose of determining our jurisdiction. Ordinarily this will be found in the pleadings, but we need not necessarily confine ourselves to them. We hear the case upon the record which is sent up, and if, taking the whole record together, it appears that we have no jurisdiction, the case must be dismissed."

[2] Upon the testimony in the instant case, no jury could have found a verdict for the plaintiffs for as much as $300.00, the minimum jurisdictional amount in this court. For what amount the verdict might have been found for the plaintiffs, if the jury had credited their testimony, does not appear from the record, but it could not have been as much as $300.00 upon their own showing.

[3] It is settled law in this State that on a writ of error the amount in controversy must, as a general rule, be made to appear affirmatively, and if it cannot be ascertained from the record the writ of error will be dismissed, as the burden is on the plaintiff in error to show jurisdiction. *Williamson* v. *Payne*, 103 Va. 551, 49 S. E. 660; *Lamb* v. *Thompson*, 112 Va. 134, 70 S. E. 507; *Ritter L. Co.* v. *Coal M. Co.*, 115 Va. 370, 79 S. E. 322. What constitutes the amount in controversy where there is a partial judgment for the plaintiff is not involved in the present controversy, but see *Hilton* v. *Dickinson*, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; *Devere* v. *The Haverton*, 137 U. S. 145, 11 Sup. Ct. 35, 34 L. Ed. 603; *Batchelder* v. *Richardson, supra; Marchant* v. *Healy*, 94 Va. 614, 27 S. E. 464; *Ware* v. *Bankers Loan & Inv. Co.*, 95 Va. 680, 29 S. E. 744, 64 Am. St. Rep. 826; *Lamb* v. *Thompson, supra*, cases cited in notes to section 6337 of Code.

[4] The question of the amount in controversy was not raised either in the oral argument or in the briefs, but is jurisdictional, and it is manifest that the case must be dismissed for want of jurisdiction. This conclusion renders it unnecessary to consider the several assignments of error.

*Dismissed.*