# Wytheville.

## Western Union Telegraph Company v. Willie S. DeSouza, Netto.

### June 24, 1926.

1. APPEAL AND ERROR—*Amount in Controversy—Difference between the Amount Admitted to be Due by Defendant and Amount Claimed by Plaintiff—Case at Bar.*—The instant case was an action by plaintiff to recover from defendant telegraph company $515.90, being the amount transmitted to her at Rio de Janeiro by her agent and the telegraph tolls and tax on the same. Through the negligence of the company the money was never received by the plaintiff. The real controversy between the parties arose because of the depreciation of the exchange value in Brazilian currency due to the delay. The bank to whom the $500.00 had been transfered for transmission to Brazil by the telegraph company, refunded to the telegraph company $375.44, the then value of the Brazilian currency into which the fund had been converted.

   *Held:* That as defendant could not and did not deny its liability for the $375.44, the difference between that sum and $515.90 was the true amount in controversy and as this difference is less than $300.00, the Supreme Court of Appeals was without jurisdiction to determine the controversy.

2. AMOUNT IN CONTROVERSY—*Amount of Judgment.*—While the general rule is that as to the defendant the amount of the judgment fixes the amount in controversy, there is an exception when it clearly appears that the actual amount in controversy is less than the judgment and less than the minimum jurisdictional amount.

Error to a judgment of the Circuit Court of Bedford County, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Writ dismissed.*

The opinion states the case.

*Francis R. Starke* and *Jno. G. Haythe*, for the plaintiff in error.

*W. R. Saunders*, for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

Mrs. DeSouza (plaintiff) has recovered of the Western Union Telegraph Company $515.90, with interest from September 28, 1922, and the company is here prosecuting a writ of error to the judgment.

The basis of the plaintiff's claim is that by her agent, W. F. Saunders, she deposited with the company's agent at Bedford, Va., on September 28, 1922, $500, to be forthwith transmitted to her at Rio de Janeiro, Brazil, and paid $15.90 for transfer charges, telegraph tolls, and tax (10 cents).

The money has never been received by the plaintiff. There was a mistake made in the payee's name, it being written De Lonza instead of De Souza. After much delay, for which each blames the agents of the other, and much correspondence, the Italian-French Bank in Rio de Janeiro, to whom the funds had been transmitted by wire, at last found the payee on January 8, 1923, and then tendered the amount in *milreis*, Brazilian currency, which she refused because of the delay and because in the interval *milreis*, into which the fund had been converted when transmitted, had depreciated and were worth only about $400 in United States currency. Afterwards there was further depreciation, and the fund in *milreis* was worth only about $375 on October 15, 1923, about the time the motion was instituted.

There are some conflicts in the testimony, but it very clearly appears from that offered for the defend-

ant as well as by the admission of its attorney in this court that the real controversy arises only because of the depreciation in the exchange value of *milreis*.

[1] On October 9 and 11,. 1923, the telegraph company made demand for the fund of the New York bank, to whom the $500 had been transferred for transmission to Brazil, which bank on October 15, 1923, was authorized by its Brazilian correspondent to make the refund to the telegraph company of $375.44 in United States currency, the then value of the *milreis* into which the fund had been converted.

The defendant cannot and does.not deny its liability for that amount. So that it is clear that the difference between that sum and $515.90 is the true amount in controversy. As this difference is much less than $300, this court is without jurisdiction to determine the controversy, and the judgment of the trial court is final.

The question is not novel, and has been frequently decided. In this jurisdiction, quite a similar question arose in *Lamb* v. *Thompson*, 112 Va. 134, 70 S. E. 507. There the holder of a certified check for $300, on a bank which has suspended, appealed from a decree which held that he should bear any loss occasioned by the failure of the bank to pay it, he having accepted it in payment of a debt, because he had failed to present it in a reasonable time. Pending this appeal the receiver of the bank, which was in liquidation, tendered him a dividend of $112, which he declined. This court held that the amount in controversy was the amount of his actual loss, that is, $300 less any dividends which might be declared out of the assets of the bank; that as the owner of the check he became at once the owner of his share of the funds in the hands of the receiver for distribution among its creditors.

As that interest in the funds for distribution reduced the amount due on the check to less than $300, this court had no jurisdiction. For this reason his appeal was dismissed. Other pertinent cases on the subject are cited in Burks' Pl. & Pr. (2nd ed.), 757.

[2] While the general rule is that as to the defendant the amount of the judgment fixes the amount in controversy, there is an exception when it clearly appears that the actual amount in controversy is less than the judgment and less than the minimum jurisdictional amount.

For the reason indicated, the writ of error in this case will be dismissed as improvidently awarded.

*Writ dismissed.*