# Richmond

## D. W. KOGER AND CLARA E. KOGER v. CITY DEVELOPING CORPORATION.

January 19, 1942.

Record No. 2472.

Present, All the Justices.

The opinion states the case.

*J. Henry Claytor*, for the plaintiffs in error.

*Ralph A. Glasgow, Martin P. Burks, Henry A. Dudley, Jr.,* and *Allen W. Staples*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

In 1927, D. W. Koger and his wife, the plaintiffs in error, borrowed from the City Developing Corporation, a building and loan association of the city of Roanoke, the defendant in error, the sum of $2,650.00. They executed 100 notes, one maturing each subsequent month, for the aggregate sum of $3,975.00. The notes were for $39.75 each. The aggregate sum represented the principal amount of the loan and the interest calculated at 6% per annum at the date of the loan for the entire period of 100 months, or 8 years and four months.

The first 63 notes were paid very nearly at the time of maturity. To be exact only one note was paid at or before maturity, the rest of the notes were paid shortly thereafter. This left 37 notes which were not paid until considerably

after maturity and thus they became subject to 12% per annum upon the arrears from the date due until they were paid. The entire loan was finally paid but the dereliction of the borrowers caused them to pay a total of $4,233.40, which is $258.40 in excess of what they would have paid if the payment of the notes had been met promptly at due dates.

Some months after the notes had been paid and the loan, and trust deed securing the same, had been satisfied, the Kogers sued the City Developing Corporation for the recovery of $275.47, which was declared to be the difference between the lawful interest chargeable against them and the amount they were actually required to pay. It is not clear as to how they arrived at the sum claimed to be due them as the correct calculation of the interest on the sum borrowed for the time designated is not $275.47. Shortly after the first notice of motion for judgment was filed, an amended notice was filed claiming the amount due to be $702.21.

In paragraph three of the amended notice of motion for judgment the Kogers appear to admit that the notes which were in default were subject to a penalty or fine of 1% per month, which penalty is allowed both under the charter and by-laws of the corporation and under the statute law of Virginia embraced in section 4154 of Michie's Code, 1924.

It will be observed, however, that the borrowers urge that each note should have been for the sum of $33.12½ rather than $39.75. It must be borne in mind that the defendant in error is a building and loan association which is authorized by its by-laws and by the statutory law to apportion the amount loaned and the charges therefor, including the penalties to be exacted for default notes, in the manner in which this loan was computed. An examination of the company's by-laws and the statute repels the charge that this transaction was an usurious one.

Section 2 of article 7 of the by-laws is as follows:

"The amount and number of monthly payments for the repayment of any loan shall be computed by adding the amount of the loan, plus a premium or bonus, equal to interest at six per cent. for the number of months during

which the loan is to be made, or is to be repaid and the sum of principal and premium or bonus divided into as many parts as there are monthly periods for the full time for which the loan is to run will give the amount to be repaid by the borrowing member each month. The borrower shall execute notes to the Corporation, payable monthly as evidence of the installments due during the existence of the loan as above computed."

And section 3 of the same article is as follows:

"If there are not sufficient applications by the stockholders for the funds of the Corporation, the Board shall loan said funds to other persons in such manner as they deem most advantageous."

And section 4154, in part, of Michie's Code, 1924, which is the statute that was in force at the date of the loan, is as follows:

" * * * It shall be lawful for every such association or company to fix by its by-laws the premium or bonus at which it will dispose of the money in its treasury to its stockholders, and award or lend to any member or stockholder the value of any share held by him, less such premium or bonus, and the mode of making the disposal, loan or award shall be fixed by the by-laws, and to charge and receive said premium in advance payments, or in installments, or in default of application for said money by stockholders, it shall be lawful for companies or associations to lend the same to other persons on such terms as may be agreed upon, and in such manner as may be fixed by the by-laws; * * *.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

"All building and loan associations are authorized to lend money to persons not members thereof nor stockholders therein, at not exceeding six per centum per annum, and aggregate the principal and interest at the date the loan is made for the entire period of the loan, and divide the sum of the principal and interest into equal monthly or other installments, evidenced by promissory notes or bonds, and to take security therefor by deed of trust on real estate situated in this state (1893-94 p. 560; 1914 p. 478; 1920 p. 318)."

The trial court heard the case, including the very scant testimony, a jury having been dispensed with by agreement. It rendered judgment in favor of the defendant, and we think that this ruling was correct upon the law.

In the case of *Bryan* v. *Augusta Perpetual Building & Loan Co.*, 104 Va. 611, 52 S. E. 357, the court said:

"In the state of the law prior to March 1, 1894, the exactions demanded by the contract would doubtless have rendered the transaction usurious. *Crabtree* v. *Old Dom. Bldg. & L. Assoc.*, 95 Va. 670, 29 S. E. 741, 64 Am. St. Rep. 818. But on that day an act entitled, 'an act to define the powers and limitations of building and loan associations,' was passed by the Legislature, legalizing such contracts, and this loan comes within its provisions."

If this, however, were not so, the plaintiffs in error would be precluded from recovery because they have utterly failed in proving their case. The record is so confused and incomplete as to render it impossible to emerge from a state of absolute conjecture. The record does not contain the notes in question nor the loan contract or application for it. The record is devoid of any evidence which makes the provisions of the loan contract certain, and what evidence there is, does not lead to the conviction that the transaction is usurious or unlawful. It is elementary that a charge of usury must be proven by clear and cogent evidence.

This court said in *Patterson* v. *Shaver*, 165 Va. 298, 304, 182 S. E. 261:

"A contract fair upon its face, may be but a device to conceal a usurious transaction, but proof of this must appear by clear and cogent evidence." See also *Ware* v. *Bankers' Loan & Investment Co.*, 95 Va. 680, 684, 29 S. E. 744, 64 Am. St. Rep. 826; *Ruckdeschall* v. *Seibel*, 126 Va. 359, 101 S. E. 425.

The plaintiff in error raised the point that the borrowers were not members or stockholders of the defendant in error, and therefore, they were not subject to the manner in which the loan was computed and transacted. This contention was not made in the trial court and, therefore, is

not required to be considered in this court. This contention will therefore be dismissed with the observation that they have again misconceived the law governing the situation.

The judgment of the trial court is plainly right and it is, therefore, affirmed.

*Affirmed.*